IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| In re | ) Case No. 10-22020-JNF |
| | ) |
| WOLFGANG KLIETMANN, a.k.a. | ) Chapter 7 Case |
| WOLFGANG FRITZ KLIETMANN, | ) |
| and DORIS KLIETMANN, a.k.a. | ) |
| DORIS GERDA KLIETMANN, | ) |
| | ) |
| Debtors. | ) |
| | ) |

**Trustee's Motion for an Order, Pursuant to 11 U.S.C. § 363(b)(1) and (f), Fed. R. Bankr. Proc. 6004 and MLBR 6004-1, Authorizing a Private Sale of Personal Property (2010 Honda Accord) Free and Clear of Liens and Interests**

Donald R. Lassman, the trustee in the above-captioned Chapter 7 case ("the Trustee"), by, and through his undersigned counsel, moves the Court for an Order, pursuant to 11 U.S.C. § 363(b)(1) and (f), Fed. R. Bankr. Proc. 6004, and MLBR 6004-1, authorizing the Trustee to sell the estate's interest in a 2010 Honda Accord (VIN: 1HGCP2F47AA192898) ("the Automobile") for the sum of $6,075.70 by a private sale to Wolfgang Klietmann, a.k.a. Wolfgang Fritz Klietmann, and Doris Klietmann, a.k.a. Doris Gerda Klietmann, the debtors in the above-captioned Chapter 7 case ("the Debtors"), which sale shall be free and clear of all liens and interests, if any, with such valid liens and interests, if any, attaching to the proceeds of the sale to the same extent and to the same order or priority as such liens and interests attached to the Automobile.

In support of his Motion, the Trustee states as follows:

**Jurisdiction, Venue, and Statutory Basis**

1. This Court has jurisdiction over the above-captioned Chapter 7 case pursuant to 28 U.S.C. §§ 157 and 1334.

2. The venue of the above-captioned Chapter 7 case is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. § 363(b)(1) and (f), Fed. R. Bankr. Proc. 6004, and MLBR 6004-1.

**Background**

4. The Debtors filed a Voluntary Joint Petition for Relief under Chapter 7 initiating the above-captioned case on November 2, 2010.

5. The Trustee is the duly appointed trustee in the above-captioned Chapter 7 case.

6. The Debtors scheduled a joint interest in the Automobile on their Schedule B with a value of $19,261. *See* Schedule B, Question 25, Docket No. 1.

7. The Debtors each claimed an exemption in the full amount of the value of the Automobile under their respective exemptions under 11 U.S.C. § 522(d)(5) on their Schedule C. *See* Schedule C, Docket No. 25.

8. The Debtors did not schedule any creditor with a lien or interest in the Automobile.

9. After an investigation of the state of the title for the Automobile, the Trustee has determined that:

a. the Automobile is vested solely in the name of the Debtor Wife; and

b. the Automobile is not subject to any lien or encumbrance.

10. The Debtors filed an Amended Schedule C, wherein Debtor Wife claimed a total exemption in the Automobile in the amount of $13,185.30; that is, the unused portion of her

section 522 (d)(5) exemption in the amount of $9,735.30, and her automobile exemption in the amount of $3,450 under section 522 (d)(2). *See* Docket No. 18.

11. The Automobile has $6,075.70 of un-exempt value.

**Proposed Sale**

12. The Trustee proposes to sell the Automobile to the Debtors by a private sale of the sum of $6,075.70.

13. The Trustee's private sale of the Automobile is to be free and clear of all liens and interests, if any, with such valid liens and interests, if any, attaching to the net proceeds of the sale to the same extent and to the same order or priority as such liens and interests attached to the Automobile.

**Relief Requested**

14. The Trustee requests the entry of the Court's Order, pursuant to 11 U.S.C. § 363(b)(1) and (f), Fed. R. Bankr. Proc. 6004, and MLBR 6004-1, as follows:

a. authorizing the Trustee to sell the Automobile by a private sale to the Debtors for the sum of $6,075.70, receipt of which the Trustee acknowledges; and

b. authorizing the sale of the Automobile to the Debtors to be free and clear of all liens and interests, if any, with such valid liens and interests, if any, attaching to the net proceeds of the sale to the same extent and to the same order or priority as such liens and interests attached to the Automobile.

**Basis for Relief**

2. Under 11 U.S.C. § 363(b)(1), a trustee may sell property of the estate out of the ordinary course of business after notice and a hearing.

3. Under 11 U.S.C. § 363(f),

> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if--
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest if the party with said lien and/or interest consents to the sale.

4. The Trustee has determined that the Automobile is vested in the name of the Debtor Wife, and she can exempt $13,185.30 in the Automobile.

5. The Trustee proposes to sell the estate's interest in the Automobile to the Debtors for the full unexempt value of the Automobile; that is, $6,075.70.

6. The Trustee has also determined that a sale of the Automobile through a private sale to the Debtors is in the best interests of the creditors, because a private sale will enable the estate to receive the sum of $6,075.70 without the costs of a public auction sale with advertising and sale costs, the auctioneer's fees and costs and the estate's legal fees in connection with a public sale motion.

7. Also, the private sale at a sum certain eliminates the risk of low bidding at an auction of the Automobile.

8. The Trustee is unaware of any liens against, or interests in, the Automobile.

9. Under the circumstances, the Trustee is entitled to an Order approving the private sale of the Automobile to the Debtors on the terms set forth herein.

**Notice**

The Trustee has served this Motion on the Debtors' counsel, the United States Trustee, all holders of known liens or interests in the Automobile, if any, and the parties who filed Requests for Notices. Under the circumstances, the Trustee submits no further service of this Motion is required. Upon receipt of the "Notice of Intended Private Sale of Personal Property (2010 Honda Accord) Free and Clear of Liens and Interests, Deadline for Submitting Objections, and Hearing Date," the Trustee will serve said Notice on all parties in interest.

**Prayer**

Wherefore, the Trustee respectfully requests the entry of an Order, pursuant to 11 U.S.C. § 363(b)(1) and (f), Fed. R. Bankr. Proc. 6004, and MLBR 6004-1, as follows:

1. authorizing the Trustee to sell the Automobile by a private sale to the Debtors for the sum of $6,075.70;

2. authorizing the sale of the Automobile to the Debtors to be free and clear of all liens and interests, if any, with such valid liens and interests, if any, attaching to the net proceeds of the sale to the same extent and to the same order or priority as such liens and interests attached to the Automobile; and

3. granting such other and further relief as the Court deems just and proper in the premises.

Respectfully submitted.

Dated: December 29, 2010

DONALD L. LASSMAN, Trustee of the Estate of Wolfgang Klietmann, a.k.a. Wolfgang Fritz Klietmann, and Doris Klietmann, a.k.a. Doris Gerda Klietmann,

By His Attorney,

/s/ Christopher Lee

CHRISTOPHER LEE (BBO # 650416)
Law Offices of Christopher Lee
P.O. Box 855
New London NH 03257-0855
Tel: (603) 526-6172
Email: attorneyclee@comcast.net